IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA GALERA PRODUCE, LLC. | : |
| 2404 S. Wolcott Avenue, Units 26-27 | : |
| Chicago, Illinois 60608 | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : Civil Action No. _____ |
| | : |
| LON FRESH PRODUCE, LLC | : |
| 17655 Cumberland Road | : |
| Noblesville, Indiana 46060 | : |
| | : |
| OSWALDO ESPINOSA | : |
| 3308 Lenehan Lane | : |
| Lafayette, IN 47909 | : |
| | : |
| LUIS MANUEL-CAMPOS MASSA | : |
| 2101 E. Military Highway, Ste. J7 | : |
| McAllen, Texas 78503 | : |
| | : |
| NAHUM TRESS MARINI | : |
| 2101 E. Military Highway, Ste. J7 | : |
| McAllen, Texas 78503 | : |
| | : |
| and | : |
| | : |
| CABOS MEXICAN GRILL & BAR, LLC | : |
| 202 W. 161st Street | : |
| Westfield, IN 46074 | : |
| | : |
| Defendants. | : |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

La Galera Produce, LLC. ("La Galera"), for its complaint against Defendants, Lon Fresh Produce LLC, Oswaldo Espinosa, Luis Manuel -Campos Massa, Nahum Tress Marini, and Cabos Mexican Grill & Bar, LLC, alleges:

## JURISDICTION AND VENUE

1.      Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §2201.

2.      Personal jurisdiction exists over Defendants because Defendants conducted business in this forum and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

3.      Venue in this District is based on 28 U.S.C. §1391 (b)(2) in that Plaintiff's claims arose in this District

## PARTIES

4.      Plaintiff, La Galera, an Illinois limited liability company with its principal place of business in Chicago, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

5.      a.      Defendant, Lon Fresh Produce, LLC ("Lon Fresh"), an Indiana limited liability company with a principal place of business in Noblesville, Indiana, is also engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to license under the provisions of the PACA as a dealer.

b.      Defendant, Oswaldo Espinosa ("Espinosa"), upon information and

belief, is an adult residing in Lafayette, Indiana who, at all times pertinent herein, was an owner, member, officer, and director of Lon Fresh that controlled the day to day operations of Lon Fresh and was in a position of control over the PACA trust assets belonging to Plaintiff. Upon information and belief, Defendant Espinosa is also the sole owner of Defendant Cabos.

       c.    Defendant, Luis Manuel-Campos Massa ("Massa"), upon information and belief, is an adult residing in McAllen, Texas who, at all times pertinent herein, was an owner, member, officer, and director of Lon Fresh that controlled the day to day operations of Lon Fresh and was in a position of control over the PACA trust assets belonging to Plaintiff.

       d.    Defendant, Nahum Tress Marini ("Marini"), upon information and belief, is an adult residing in McAllen, Texas who, at all times pertinent herein, was an owner, member, officer, and director of Lon Fresh that controlled the day to day operations of Lon Fresh and was in a position of control over the PACA trust assets belonging to Plaintiff.

       e.    Defendant, Cabos Mexican Grill & Bar LLC ("Cabos"), an Indiana limited liability company with a principal place of business in Westfield, Indiana, upon information and belief, is a restaurant that purchased and/or received Plaintiff's produce supplied to Defendant Lon Fresh. Upon information and belief, Defendant Cabos was at all times relevant hereto managed and controlled by Defendant Espinosa.

**GENERAL ALLEGATIONS**

       5.    This action is brought to obtain declaratory relief and to enforce the

trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.       Between May 16, 2017 and September 11, 2017, Plaintiff La Galera sold and delivered to Defendant Lon Fresh, in interstate commerce, $643,586.17 worth of wholesale quantities of produce of which $643,586.17 remains unpaid.  An itemized statement of account is attached hereto as **Exhibit 1.**

7.       Defendant Lon Fresh and its owners accepted the produce delivered by Plaintiff.

8.       At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.       Plaintiff preserved its interest in the PACA trust in the principal amount of $643,586.17 by including the requisite statutory notice of intent to preserve trust benefits on its invoices to Defendants, and remains a beneficiary until full payment is made for the produce.  Copies of a sampling of the unpaid invoices, which are voluminous, are attached hereto as **Exhibit 2**.  All of Plaintiff's invoices contain the requisite notice of intent to preserve trust benefits.

10.      Despite demand for payment, Defendants have failed and refused to pay Plaintiff for the wholesale quantities of produce supplied by Plaintiff, and have tendered checks to Plaintiff returned for insufficient funds that have not been made good.

11. The failure to pay Plaintiff and passing of checks returned for insufficient funds indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count 1

### (Failure to Pay Trust Funds - All Defendants)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of Defendants to make payment to Plaintiff of trust funds in the principal amount of $643,586.17 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment to Plaintiff from Defendants in the principal amount of $643,586.17, and for such other and further relief as the Court deems appropriate.

## Count 2

### (Failure to Pay For Goods Sold - Lon Fresh)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant Lon Fresh failed and refused to pay Plaintiff the principal amount of $643,586.17 owed to Plaintiff for produce and other items received by Defendant Lon Fresh from Plaintiff.

WHEREFORE, Plaintiff requests judgment in favor of La Galera, and against Defendant, Lon Fresh, in the principal amount of $643,586.17, and for such other and further relief as the Court deems appropriate.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Oswaldo Espinosa)

16.　　Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.　　Defendant, Oswaldo Espinosa, was a principal of Lon Fresh who operated the corporate defendant during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

18.　　Defendant, Oswaldo Espinosa, failed to direct Lon Fresh to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

19.　　Defendant, Oswaldo Espinosa's failure to direct Lon Fresh to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

20.　　As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant, Oswaldo Espinosa, in favor of plaintiff, La Galera, in the principal amount of $643,586.17, and for such other and further relief as the Court deems appropriate.

## Count 4

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Luis Manuel-Campos Massa)

21.　　Plaintiff incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22.     Defendant, Luis Manuel-Campos Massa, was a principal of Lon Fresh who operated the corporate defendant during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

23.     Defendant, Luis Manuel-Campos Massa, failed to direct Lon Fresh to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

24.     Defendant, Luis Manuel-Campos Massa's failure to direct Lon Fresh to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

25.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant, Luis Manuel-Campos Massa, in favor of plaintiff, La Galera, in the principal amount of $643,586.17, and for such other and further relief as the Court deems appropriate.

## Count 5

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Nahum Tress Marini)

26.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27.     Defendant, Nahum Tress Marini, was a principal of Lon Fresh who operated the corporate defendant during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

28.     Defendant, Nahum Tress Marini, failed to direct Lon Fresh to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

29.     Defendant, Nahum Tress Marini's failure to direct Lon Fresh to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

30.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce supplied.

WHEREFORE, Plaintiff requests judgment against Defendant, Nahum Tress Marini, in favor of plaintiff, La Galera, in the principal amount of $643,586.17, and for such other and further relief as the Court deems appropriate.

## Count 6

### (Personal Guaranty – Oswaldo Espinosa)

31.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 30 above as if fully set forth herein.

32.     Defendants received each of the shipments of produce described in paragraph 6 above.

33.     On August 8, 2017, Defendant, Oswaldo Espinosa, executed a Personal Guaranty in which he guaranteed prompt payment of all of Lon Fresh's debts and liabilities, including principal, interest, attorney's fees, expenses and costs.  A true and correct copy of the Personal Guaranty is attached hereto as **Exhibit 3**.

34.     Defendant, Oswaldo Espinosa, breached his personal guaranty by failing to pay for the produce and other goods supplied by Plaintiff to Defendants and bank charges incurred from Defendants' passing of checks returned for insufficient funds, despite demand for the same.

35. As a result of Defendant Oswaldo Espinosa's breach of his personal guaranty, Plaintiff has incurred damages in the principal amount of $643,586.17, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Defendant, Oswaldo Espinosa, in the principal amount of $643,586.17, plus interest, costs and reasonable attorneys' fees, and such other relief as the Court deems necessary and appropriate.

## Count 7

### (Declaratory Judgment - Unlawful Receipt and Retention - Cabos)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Upon information and belief, Defendants Lon Fresh, Espinosa, Massa, and Marini transferred produce and/or proceeds from the sale of produce belonging to Plaintiff to Cabos.

38. Said transfers to Cabos by Defendants Lon Fresh and Espinosa were made in breach of Defendants' statutory obligations under the trust provisions of the PACA.

39. Cabos knew or should have known that said transfers were made in breach of Defendants' statutory trust obligations under the PACA by virtue of Oswaldo Espinosa's management and control of both entities.

40. Upon information and belief, Cabos continues to hold any and all proceeds from the sale of produce having come into its possession, or assets acquired with those funds, as a trustee for Plaintiff, and refuses to turn over the trust proceeds and assets to Plaintiff.

41.     Plaintiff has been damaged by the unlawful receipt and retention by Cabos of trust assets belonging to Plaintiff.

42.     An actual controversy exists between the parties.

WHEREFORE, Plaintiff requests an order directing Cabos to disgorge and transfer any and all PACA trust assets to Plaintiff, and entering judgment against Defendant Cabos in the amount of $643,586.17.

## Count 8

### (Interest and Attorneys Fees)

43.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44.     As a result of Defendants' failure to make full payment promptly of the principal amount of $643,586.17, Plaintiff has lost the use of said money.

45.     As a further result of Defendants' failure to make full payment promptly of $643,586.17, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

46.     PACA and the invoices of plaintiff La Galera entitle plaintiff La Galera to recover prejudgment interest at a rate of 1.5% per month and attorney's fees incurred to collect any balance due from Defendants.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorney's fees, and for such other and further relief as the Court deems appropriate.

Dated this 14th day of December, 2017.

McCARRON & DIESS                    LAW OFFICES OF WILLIAM B. KOHN


By:/s/ Mary Jean Fassett           By: /s/ William B. Kohn
      Mary Jean Fassett, ID#9078552      William B. Kohn, #6196142
      4530 Wisconsin Ave., N.W.           29 E. Madison Drive
      Suite 301                           Suite 1000
      Washington, DC 20016                Chicago, Illinois 60606
      (202) 364-0400                      (312) 553-1200
      (202) 364-2731 – fax                (312) 644-3901 – fax
      mjf@mccarronlaw.com                 kohn@wbkohnlaw.com

                                         Attorneys for Plaintiff