IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA GALERA PRODUCE, LLC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 17-cv-8993 |
| | : Hon. Manish S. Shah |
| LON FRESH PRODUCE, LLC, et al. | : Hon. Maria Valdez |
| | : |
| Defendants. | : |

**PLAINTIFF'S LIMITED OBJECTION TO
MOTION TO WITHDRAW AS COUNSEL AND MOTION
FOR TURNOVER OF TRUST ASSETS**

Plaintiff, La Galera Produce, LLC, hereby objects on a limited basis to the Motion to Withdraw as Counsel [Doc. No. 19] (the "Motion to Withdraw"), and in support of its limited objection submits that: 1) the Motion to Withdraw is founded upon hearsay; 2) the Certificate of Service for the Motion to Withdraw raises an issue as to whether Defendants have received timely notice of the Motion to Withdraw; and 3) defense counsel's withdrawal at this particular juncture will cause great prejudice to Plaintiff and harm to the administration of justice. In addition, Plaintiff moves for turnover of the funds frozen by the Temporary Restraining Order entered herein [Doc. 18], to Plaintiff's counsel, to be held in trust, until further order of this Court.

**PROCEDURAL AND FACTUAL BACKGROUND**

This action was commenced on December 15, 2017 to enforce Plaintiff's trust rights under the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c)("PACA"), for produce

1

sold to and accepted by Defendant Lon Fresh Produce, LLC ("Lon Fresh"), and other related charges, in the principal amount of $643,586.17 against Defendants Lon Fresh, Oswaldo Espinosa, Luis Manuel-Campos Massa, Nahum Tress Marini, and Cabos Mexican Grill & Bar, LLC ("Cabos") [Doc. 1].  Attorney Eric D. Coleman entered his appearance on behalf of all Defendants on January 8, 2018 [Doc. 14].[1]  Defendants Lon Fresh and Cabos have both been served with the Complaint in this matter, with Lon Fresh being in default;[2] the individual Defendants have not yet been served despite repeated attempts by private process servers.

On January 9, 2018, the Court granted Plaintiff's Motion for Entry of Temporary Restraining Order with the consent of Defendants via their counsel, Attorney Coleman, and entered a Temporary Restraining Order prohibiting the dissipation of trust assets by Defendants, the banking institutions of Lon Fresh and Cabos, and related and/or affiliated companies of Defendants [Doc. 18].  Defendants have failed to comply with the payment, accounting, and/or service of documents requirements set forth in the Temporary Restraining Order regarding the finances of Lon Fresh and Cabos.  The Temporary Restraining Order was served on JP Morgan Chase Bank who responded by advising the bank accounts of Lon Fresh had been closed, and that an account owned by Cabos containing $17,008.86 had been frozen by the bank in compliance with the Temporary Restraining Order.  A hearing on Plaintiff's Motion for Entry of Preliminary Injunction [Doc. 8] is scheduled for January 30, 2018, and Plaintiff is prepared to proceed with the hearing.

On January 22, 2018, the Motion to Withdraw was filed by Attorney Coleman contending that defendants had been unresponsive to the telephonic and electronic

---

[1] Attorney Coleman's appearance curiously states he is not appearing as either lead or local counsel.  In the Motion to Withdraw, counsel states he appeared as local counsel for an Indiana law firm, Alerding Castor, for which no attorney appearances or *pro hac vice* applications have been filed.
[2] *See* Return of Service Executed on Lon Fresh [Doc. 13] and Affidavit of Service on Cabos [Doc. 21].

communications of lead counsel, Alerding Castor, and had failed to pay Attorney Coleman's retainer. An email exchange between undersigned counsel and Attorney Michael Alerding on January 22, 2018, a copy of which is attached as **Exhibit 1**, establishes that Attorney Michael Alerding will not be entering an appearance in the matter because Defendants have stopped communicating with him, but does not establish Defendants failed to pay Alerding Castor a retainer. A review of the Certificate of Service for the Motion to Withdraw establishes that the Motion to Withdraw has not been served on Lon Fresh's registered agent, but instead was mailed to its abandoned warehouse, with no attempt made to serve Defendants with a copy of the Motion to Withdraw electronically or via overnight service, such that they receive it prior to the hearing.

## THE STANDARD TO BE APPLIED

The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. *Installation Software Techs., Inc. v. Wise Solutions, Inc.,* 2004 U.S. Dist. LEXIS 3388, *20 (N.D.Ill. March 5, 2004), citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

> When ruling on a motion to withdraw, a court may consider the disruptive impact that the withdrawal will have on the prosecution of the case. Some courts have used various guidelines in determining whether to grant or deny a motion to withdraw, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case.

*Installation Software Techs., Inc. v. Wise Solutions, Inc.,* supra (citations omitted).

## BASIS FOR LIMITED OBJECTION

Plaintiff submits that there is an appearance of gamesmanship going on in this case wherein more than $650,000 of trust assets are unaccounted for, with the individual Defendants evading service thus far, and their local counsel now moving to withdraw his appearance eight (8) days before a preliminary injunction hearing. The Motion to Withdraw is not supported by an Affidavit from Attorney Michael Alerding, and thus is based on hearsay. In addition, there does not appear to be any attempt to timely serve Defendants, either electronically or via overnight delivery, with the Motion to Withdraw.

Furthermore, Plaintiff contends that granting the Motion to Withdraw at this particular juncture will cause irreparable prejudice to Plaintiff and harm to the administration of justice. In the absence of an extension of the Temporary Restraining Order and continued timely preliminary relief, there will be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff will not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; *Tanimura & Antle, Inc. v. Packed Fresh, Inc.*, supra, p. 140; *J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *Continental Fruit v. Thomas J. Gatziolis & Co.*, 774 F.Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.*, 751 F.Supp. 64 (W.D. Pa. 1990).

Attorney Cohen had sufficient authority to enter into a consensual Temporary Restraining Order on January 9, 2018, and there is no evidence that Defendants have withdrawn that authority. Accordingly, if Defendants' counsel is allowed to withdraw now, it should be contingent upon the Temporary Restraining Order being extended indefinitely for good cause shown, until either

Defendants move to dissolve it, Plaintiff's Motion for Preliminary Injunction is heard, or further order of this Court. Allowing the Temporary Restraining Order to expire without extended preliminary relief is prejudicial to Plaintiff and harmful to the administration of justice in a case where more than $650,000.00 in trust assets remain unaccounted for by Defendants and their counsel. In addition, the Court may wish to further condition the withdrawal of Defendants' counsel upon Defendants' counsel serving the Order granting leave to withdraw upon Defendants (including their registered agents) electronically and via overnight delivery to their registered offices and last known addresses of record, with an Affidavit of Service filed within 1 day of entry of the Order. *See e.g., Fox Valley Constr. v. G.M. Randa, Inc.,* 2010 U.S. Dist. LEXIS 96785 (N.D. Ill. September 15,2010) (motion for leave to withdraw granted contingent upon service of order upon defendants).

## **MOTION FOR TURNOVER OF TRUST ASSETS**

In the event the Motion for Preliminary Injunction is to be continued in light of the withdrawal of Defendants' counsel, Plaintiffs respectfully move for turnover of the $17,008.86 in funds maintained by Defendant Cabos at JP Morgan Chase Bank that were frozen by the Temporary Restraining Order, to Plaintiff's local counsel, William B. Kohn, in trust, for the benefit of Plaintiff and any similarly situated trust creditors, pending further order of the Court.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff object to the Motion to Withdraw as Counsel for Defendants unless said withdrawal is contingent upon an indefinite extension of the Temporary Restraining Order, and move for additional relief in the form of turnover of the $17,008.86 in funds at JP Morgan Chase Bank[3] to Plaintiff's local counsel, William B. Kohn, in

---

[3] A copy of JP Morgan Chase Bank's response to the Temporary Restraining Order is attached hereto as **Exhibit 2.**

trust, for the benefit of Plaintiff and any similarly situated trust creditors, pending further order of the Court.

Dated this 22nd day of January, 2018     Respectfully submitted,

| McCARRON & DIESS | LAW OFFICES OF WILLIAM B. KOHN |
|---|---|
| By:/s/ Mary Jean Fassett | By:/s/ William B. Kohn |
| Mary Jean Fassett, ID#9078552 | William B. Kohn, #6196142 |
| 4530 Wisconsin Ave., N.W. | 29 E. Madison Street |
| Suite 301 | Suite 1000 |
| Washington, DC 20016 | Chicago, Illinois 60602 |
| (202) 364-0400 | (312) 553-1200 |
| (202) 364-2731 – fax | (312) 644-3901 – fax |
| mjf@mccarronlaw.com | kohn@wbkohnlaw.com |

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Plaintiff's Limited Objection to Motion for Withdrawal of Counsel and Motion for Turnover of Trust Assets, this 22nd day of January, 2018, to all counsel of record via the Court's CM/ECF system.

/s/Mary Jean Fassett
Mary Jean Fassett